# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT J. LOVE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:07CV2054 CEJ |
| | ) | |
| ALAN BLAKE, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner Robert J. Love's application for leave to commence this action without payment of the required filing fee. Upon consideration of the financial information provided with the application, the Court finds that petitioner is financially unable to pay any portion of the filing fee.

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Having reviewed the amended petition, the Court will order petitioner to show cause as to why the Court should not dismiss this action as time-barred under 28 U.S.C. § 2244(d)(1) and for petitioner's failure to exhaust his available state court remedies.

### Procedural History

Petitioner, a civilly committed resident of the Missouri Sexual Offender Treatment Center located in Farmington, Missouri, seeks release from his commitment pursuant to 28 U.S.C. § 2254.

In April 1995 petitioner pled guilty to one count of first degree deviate sexual assault and one count of first degree sexual abuse. Petitioner was sentenced to five years imprisonment on each count, to run concurrently, with an estimated release date of December 26, 2000. On December 12, 2000, the State of Missouri filed a petition to involuntarily commit petitioner as a sexually violent predator pursuant to Mo. Rev. Stat. §§ 632.480-632.513. Petitioner was involuntarily committed on November 8, 2001. See, e.g., Love v. State of Missouri, 90 S.W.3d 236 (Mo. App. 2002).

Petitioner appealed his involuntary confinement to the Missouri Court of Appeals. Id. On December 9, 2002, reversed petitioner's civil commitment and remanded the case to the probate court for a new trial. Id. After a new trial on the matter, petitioner was again involuntarily committed in November of 2004. Petitioner appealed his involuntary commitment to the Missouri Court of Appeals, and the mandate affirming the judgment of the probate court was issued on December 8, 2005. See In re Care and Treatment of Robert Love, No. 26585, (Mo. App. S.D. December 8, 2005). Petitioner did not file a motion for rehearing or transfer with the Missouri Court of Appeals, nor did he file a motion to transfer with the Missouri Supreme Court. However, on October 26, 2006, petitioner filed a petition for writ of habeas corpus, pursuant to Missouri Supreme Court Rule 91, in the Missouri Supreme Court, which was denied on November 21, 2006. See Love v. Blake, No. SC88093 (Mo. November

21, 2006). On February 28, 2006, petitioner additionally filed a petition for writ of habeas corpus in the United States District Court for the Western District of Missouri, which was dismissed on July 24, 2006 for failure to exhaust his state court remedies. See <u>Robert Jerry Love v. Dorn Shuffman</u>, No. 06-0179CV-W-FJG-P (W.D. Mo. July 24, 2006). The instant petition was filed on December 12, 2007.

## **Discussion**

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief. It appears, from the record before the Court, that petitioner's application for writ of habeas corpus is not only untimely, but also subject to dismissal for his failure to exhaust his state court remedies.

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Because petitioner failed to file for rehearing and/or transfer in the Missouri Court of Appeals, the judgment became final ninety (90) days after the affirmance of his involuntary commitment. Pierson v. Dormire, 484 F.3d 486, 494-95 (8th Cir. 2007). The Missouri Court of Appeals affirmed his involuntary commitment on December 8, 2005. Accordingly, the ninety (90) day period ended on March 8, 2006. Although petitioner filed an application for writ of habeas corpus with the Missouri Supreme Court on October 26, 2006, even assuming the application for writ tolled the statute of limitations under § 2244[1], the matter would have been tolled only twenty-six (26) days, given that his writ was denied on November 21, 2006. Thus, at least two-hundred and two (202) days had passed prior to the filing of the writ, and another three hundred eighty-six (386) days passed between the denial of the writ and the filing of the instant

---

[1] If properly filed, petitioner's Rule 91 state habeas corpus petition would presumably toll the one year statute of limitations. See, e.g., Preston v. Delo, 100 F.3d 596, 600 (8th Cir. 1996).

petition on December 12, 2007.[2] Accordingly, petitioner's application for writ of habeas corpus appears to be barred by the one-year statute of limitations.

Moreover, it appears that the application for writ of habeas corpus is also subject to dismissal because petitioner has failed to exhaust his available state court remedies.

A Court cannot grant an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 "unless it appears that the applicant has exhausted the remedies available in the courts of the state, or that there is either an absence of available state corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner." 28 U.S.C. § 2254(b).

Missouri state courts must have an opportunity to review the merits of petitioner's contentions and should be given primary responsibility in their own cases. See Fay v. Noia, 372 U.S. 391 (1963); Tyler v. Swenson, 527 F.2d 877 (8th Cir.), cert. denied, 425 U.S. 915 (1976). The United States Supreme Court stated in Rose v. Lundy, 455 U.S. 509, 520 (1982), that "our interpretation of § 2254(b) and (c) provides

---

[2]Although petitioner filed an application for writ of habeas corpus in the Federal District Court for the Western District of Missouri on February 28, 2006, which was dismissed on July 24, 2006, the time his application for writ was pending cannot provide additional tolling. An application for federal habeas relief is not an "application for State post-conviction or other collateral review," within the meaning of the AEDPA's tolling provision. Duncan v. Walker, 533 U.S. 167, 172-73 (2001).

5

a simple and clear instruction to potential litigants: before you bring any claims to federal courts, be sure that you first have taken each one to state court."

In Kolocotronis v. Holcomb, 925 F.2d 278 (8th Cir. 1991) the Court held:

> To satisfy the exhaustion requirement, a person confined in the Missouri State Hospital must apply for release under section 552.040 before filing a petition for writ of habeas corpus. Additionally, if the application for release is denied, the confined person must appeal to the Missouri Court of Appeals, and if unsuccessful there, apply for transfer to the Missouri Supreme Court. This process must be completely followed once to exhaust state remedies.

Id. at 279. Like the mechanism for release from involuntary commitments for those committed pursuant to Mo.Rev.Stat. § 552.040, Missouri's Sexually Violent Predator Law has a similar avenue for release. Under § 632.504, petitioner may make a petition for release from his civil commitment. There is no indication that petitioner has availed himself of this remedy. Because petitioner still has state remedies open to him, it appears that his petition for habeas corpus is subject to dismissal.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [Doc. #2] is **granted**.

**IT IS FURTHER ORDERED** that no order to show cause shall issue at this time as to respondent, because the instant habeas petition appears to be time-barred

under 28 U.S.C. § 2244(d)(1) and subject to dismissal for petitioner's failure to exhaust his state court remedies.

**IT IS FURTHER ORDERED** that not later than April 30, 2008, petitioner shall show cause in writing why the Court should not dismiss the instant application for writ of habeas corpus as time-barred and/or for failure to exhaust his state court remedies.

Dated this 24th day of March, 2008.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE